[NOT FOR PUBLICATION]

United States Court of Appeals
For the First Circuit



No. 97-1122

MARK S. IZEN,

Plaintiff - Appellee,

v.

TOSHIBA AMERICA CONSUMER PRODUCTS, INC.,

Defendant - Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. W. Arthur Garrity, Jr., Senior U.S. District Judge] 



Before

Boudin, Circuit Judge, 

Hill,* Senior Circuit Judge, 

and Pollak,** Senior District Judge. 



John A. Ridley, with whom Richard S. Zackin and Crummy, Del 
Deo, Dolan, Griffinger & Vecchione were on brief for appellant. 
John D. Deacon, Jr. for appellee. 



November 21, 1997


 

* Of the Eleventh Circuit, sitting by designation.

** Of the Eastern District of Pennsylvania, sitting by
designation.

Per Curiam. A jury awarded Mark Izen both compensatory Per Curiam. 

and punitive damages on his claim of retaliatory discharge in

this diversity case brought pursuant to Massachusetts General

Laws, ch. 151B 4. Toshiba American Consumer Products, Inc.,

defendant below, appeals this verdict. Because we find that the

district court, in granting Izen's 50(a) motion, erroneously

found as a matter of law -- and instructed the jury -- that Izen

was discharged and did not resign, we reverse and remand for a

new trial.

I.

Mark Izen worked for Toshiba managing sales accounts in

Boston and reported to the New England Regional Manager, James

Donahue. Izen claims that, during the time he worked for

Toshiba, Donahue expressed antisemitic bias which materially

affected Izen's working conditions. After receiving a poor

evaluation from Donahue in April of 1992 -- an evaluation which

recommended that Izen be demoted -- Izen consulted an attorney

and began pursuing his complaint of discrimination through

Toshiba's internal dispute resolution program. Izen claims that,

shortly after he brought Donahue's behavior to the attention of

Toshiba's management, Donahue called Izen into his office and

yelled at him. Izen also alleges that, during May and June of

1992, Donahue harassed him through phone calls, conferences, and

memoranda and intentionally did not invite Izen to a quarterly

sales meeting.

-2-

The Toshiba dispute resolution program began with a

hearing in front of David Baesler, Donahue's supervisor. Both

Donahue and Izen presented their sides of the conflict and

Baesler issued a written decision, in which he concluded that

Izen had not been discriminated against but that communication

between Donahue and Izen was poor. Baesler assured Izen that he

would intervene if future conflicts arose and that he would

monitor the work relationship with Donahue through monthly

meetings. After Baesler's decision issued, Izen wrote a letter

to Baesler and Toshiba's senior management expressing his

disagreement with Baesler's decision but reaffirming his

commitment to the company.

On June 17, 1992, Robert Valentine, representing

Toshiba's personnel department, and John Anderson, representing

Toshiba's legal department, sent a letter signed by Valentine to

Izen informing him that if he did not appeal Baesler's decision,

Toshiba would consider the matter resolved. On July 1, Izen's

attorney, John Deacon, responded with a letter complaining of

Donahue's continuing retaliation, characterizing Valentine's

letter as a ratification of Donahue's retaliatory actions, and

stating that:

As a result of Mr. Donahue's misconduct, and
the company's refusal to correct it, Mark
Izen's employment conditions have become
intolerable and constitute a constructive
termination. All remedies available by law
will be pursued.

On July 8, Anderson responded to Deacon's letter,

stating in part:

-3-

I am sincerely sorry that Mark has decided to
leave the company. I am also disappointed
that he has elected not to try to resolve his
problem within the Company. I believe that
Toshiba's effort to resolve the matter was
genuine and sincere.

Anderson concluded his letter by informing Deacon that Izen

should get in touch with Valentine to make arrangements

concerning his final check. Deacon responded on July 10,

disputing Anderson's assertion that Izen had resigned,

reasserting his claim that Toshiba had endorsed Donahue's

actions, and further stating that:

If the Company wishes to retract its
termination of Mark's employment and to
retract its endorsement of Mr. Donahue's
discriminatory mistreatment, please contact
me in writing by July 15. Otherwise, I will
have Mark follow your instruction to make
arrangements with Mr. Valentine for his final
check.

Anderson wrote Deacon back on July 17, stating that Deacon's last

letter made it "crystal clear that Mr. Izen claims to be unable

to do his job under what he perceives to be intolerable

conditions" and affirming that the separation process should be

concluded. Izen was paid through July 22 and left on that date.

Izen then brought this action, claiming that Toshiba

discriminated against him because of his Jewish religion, origin,

and ancestry, and that, when he reported that violation, Toshiba

retaliated and ultimately discharged him, all in violation of

Mass. Gen. Laws Ann. ch. 151B 4.1 Izen's claims went before a
 

1 Section 4 provides in relevant part that:

It shall be an unlawful practice:

-4-

jury and, at the close of all the evidence, Izen moved pursuant

to Fed. R. Civ. P. 50(a) for the district court to find that he

was terminated and did not resign. The district court granted

Izen's motion and, accordingly, instructed the jury that on the

retaliatory discharge claim the jury was to determine only

whether Izen was terminated in retaliation for his complaints of

discrimination. The jury was also instructed on Izen's claim of

discrimination.

The jury found that Toshiba had not discriminated

against Izen but that retaliation was the cause of Izen's

termination; based on its finding of retaliatory discharge the

jury awarded Izen $36,680 for economic loss and $150,000 in

punitive damages. Post-trial, the district court awarded Izen

$120,337 in attorney's fees and denied Toshiba's motion for

judgment as a matter of law on the claim of retaliatory

discharge. 

In this appeal, Toshiba claims that the district court

erred in not allowing the jury to consider whether Izen resigned
 

1) For an employer, by himself or his
agent, because of the . . . religious creed
. . . of any individual to refuse to hire or
employ or to bar or to discharge from
employment such individual or to discriminate
against such individual in compensation or in
terms, conditions or privileges of employment
. . . . 
. . . .
4) For any person, employer, labor
organization or employment agency to
discharge, expel or otherwise discriminate
against any person because he has opposed any
practices forbidden under this chapter .
. . . 

-5-

or was terminated. Toshiba also claims that: 1) the trial court

erred in limiting Anderson's testimony as to his motives for

writing the letters to Deacon; and 2) the award of punitive

damages and attorneys' fees was improper. Because we find, for

the reasons given in part II of this opinion, that a jury could

reasonably have concluded that Izen resigned, and that therefore

the district court erred in taking that question from the jury,

we reverse the judgment of the district court and remand for a

new trial on Izen's claim of retaliatory discharge. In light of

reversal on this ground, we find it unnecessary to reach any of

the other errors urged by Toshiba.

II.

Judgment as a matter of law may be granted only if the

evidence viewed from the perspective most favorable to the non-

movant is so one-sided that the movant is plainly entitled to

judgment, for reasonable minds could not differ as to the

outcome. Gibson v. City of Cranston, 37 F.3d 731 (1st Cir. 

1994). We review a grant of judgment as a matter of law de novo. 

CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co., 46 F.3d 

1211, 1214 (1st Cir. 1995). 

The district court found that no jury could infer from

the letters exchanged in June and July of 1992 that Izen had

resigned and, therefore, the district court determined as a

matter of law that Toshiba terminated Izen. In so finding, the

district court stated that, even if Anderson's letter of July 8

was motivated by a sincere belief that Izen had resigned ("I am

-6-

sincerely sorry that Mark has decided to leave the company"),

Deacon's July 10 letter should have disabused Anderson of that

notion ("If the company wishes to retract its termination of

Mark's employment . . . "). 

The district court's result would be sound if Deacon's

July 10 letter maintained only that Izen had not resigned.

However, that letter appeared to lay out conditions for Izen's

continuing his employment with Toshiba. Specifically, Deacon

stated that Anderson should write to him by July 15 if Toshiba

wanted "to retract its termination of Mark's employment and to

retract its endorsement of Mr. Donahue's discriminatory

mistreatment," and that "[o]therwise, I will have Mark follow

your instruction to make arrangements with Mr. Valentine for his

final check." Given Toshiba's basic position -- that there had

been no "termination" or "discriminatory mistreatment" of Izen

and that Toshiba's actions in no way constituted an "endorsement"

of such alleged "mistreatment" -- Toshiba clearly could not

satisfy Izen's request. A jury could reasonably have found that

Izen's conditions for his return implied that he had already left

the company, whether through resignation, termination, or

constructive discharge. For this reason, we conclude that the

district court erred in granting judgment as a matter of law on

the question of whether Izen was terminated and charging the jury

in accordance with that Rule 50(a) determination. Therefore, the

jury verdict and the judgment in Izen's favor based on that

-7-

verdict cannot be sustained. In consequence, we reverse and

remand for a new trial on Izen's claim of retaliatory discharge.

Toshiba argues that this court should grant its motion

for judgment as a matter of law and find that Izen was not

constructively discharged. The district court denied Toshiba's

motion because it ruled that Izen was terminated, thus mooting

the question of whether a reasonable person in his position would

feel compelled to resign. Now that we have ruled that the

district court's Rule 50(a) determination was erroneous, whether

Izen has put forth sufficient proof of constructive discharge to

go to the jury is once again a live question. However, we

decline to reach that question because the district court will be

able to address it on remand.

III.

For the foregoing reasons, the judgment of the district

court is reversed and this case remanded for further proceedings reversed remanded

consistent with this opinion.

-8-